UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jumaane Scott,                                          Case No. 3:20-cv-2335

            Plaintiff

     v.                                                    MEMORANDUM OPINION
                                                            AND ORDER

Kelly Robertson-Mendoza, et al.,

            Defendants

### I. INTRODUCTION

*Pro se* Plaintiff Jumanne Scott, an Ohio prisoner currently incarcerated at Toledo Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against Kelly Robertson-Mendoza (Unit Manager), Deputy Warden Ryan Walters, David Robinson (Unit Manager Chief), Warden Charlotte Owens, Warden Ronald Erdos, and Chief of the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. No. 2), which I grant by separate order.

For the reasons stated below, I am dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. BACKGROUND

Plaintiff alleges that "each defendant in [his or her] individual and official capacity" conspired to commit harm, and their actions demonstrated deliberate indifference to his safety, which constitutes cruel and unusual punishment in violation of the Eighth Amendment. He stated in his Complaint that the defendants "refuse[d] to follow [their] own rules, policy, and procedure"

concerning the institutional separation of prisoners previously involved in an altercation. ECF No. 1 at PageID #4.

He further stated that despite their knowledge of a previous altercation with another inmate ("Inmate Robinson") in 2007, which resulted in Plaintiff's hospitalization, "Defendant Chief of BOC and S.O.C.F. (Southern Ohio Correctional Facility) Warden refused to follow policy and conspired to transfer [Plaintiff] to the same institution" as the inmate from whom Plaintiff was allegedly supposed to be separated. *Id.* According to Plaintiff, the S.O.C.F. Warden "stated, 'I hope y'all stab each other again,' before sending them to Toledo [Correctional Institution], where they already crossed paths at [the] hospital infirmary." *Id.* He also stated that "S.O.C.F. Warden conspired with Bureau Chief and Charlotte Owens to transfer to Toledo [Correctional Institution] with deliberate indifference to my safety and conspiracy to commit harm"; Kelly-Robertson-Mendoza, Ryan Walters, and Charlotte Owens, and David Robinson "[saw] the documented notice upon arrival and conspired to commit harm with deliberate indifference"; and these defendants "showed malicious intent" and "with malice and deliberate indifference." *Id.* at PageID # 5.

Plaintiff asks the Court to award damages.

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I am expressly required, however, under 28 U.S.C. § 1915(e)(2) to screen all *in forma pauperis* actions and to dismiss before service any such action that fails to state a claim upon which relief may be granted or that lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive scrutiny under 28 U.S.C. § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The Plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). That said, I am not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## IV. ANALYSIS

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment and conspiracy. To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988).

3

As an initial matter, Plaintiff asserts claims against the defendants in their individual and official capacities. The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). *See also Grinter v. Knight*, 532 F.3d at 572 (6th Cir. 2008). As Defendants Robertson-Mendoza, Walters, Robinson, Owens, Erdos, and ODRC Chief are employed by the ODRC, and therefore state employees, Plaintiff's official capacity claims against these defendants are construed as claims against the State of Ohio.

The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court. *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("This [Eleventh Amendment] bar remains in effect when state officials are sued for damages in their official capacity."). A plaintiff may sue a State for damages in federal court, however, when a State expressly consents to suit or if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Here, the State of Ohio has not waived sovereign immunity in federal court in this case. *See Mixon*, 193 F.3d at 397. Furthermore, the Supreme Court has held that the federal statute invoked in this case, 42 U.S.C. § 1983, was not intended to abrogate the States' Eleventh Amendment immunity. *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Because the Eleventh Amendment bars suits for monetary damages against state employees sued in their official capacities, Plaintiff's official capacity claims against Defendants Robertson-Mendoza, Walters, Robinson, Owens, Erdos, and the ODRC Chief for monetary relief are unavailing. Moreover, the Supreme Court has held that a state, its agencies, and its officials sued

4

in their official capacities for monetary damages are not considered "persons" for purposes of a § 1983 claim. *See Will*, 491 U.S. at 71.

Plaintiff's official capacity claims against Defendants for monetary damages therefore fail to state a claim upon which relief may be granted.

Persons sued in their individual capacities under § 1983, however, can be held liable upon a demonstration that a defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012). To the extent Plaintiff states claims against Defendants Robertson-Mendoza, Walters, Robinson, Owens, Erdos, and the ODRC Chief in their individual capacities, I find Plaintiff fails to state a claim upon which relief may be granted for the reasons stated below.

### A.  Deliberate Indifference

Plaintiff contends that Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment when they transferred him to the same prison as Inmate Robinson, despite Defendants' knowledge that Inmate Robinson had previously injured Plaintiff and the fact that there was an institutional separation order in place.

To hold a prison official liable for an Eighth Amendment violation in this context, a plaintiff must demonstrate that the official acted with "deliberate indifference" to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001). Deliberate indifference consists of both an objective and a subjective component. *Farmer*, 511 U.S. at 835-57.

A prisoner must first show that the risk of harm to the prisoner caused by the conditions of confinement must have been, objectively, "sufficiently serious" to require constitutional protection. *Id.* at 834; *see also Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 352 (6th Cir. 2001) ("To succeed on a conditions of confinement claim, a plaintiff must show . . . the deprivation alleged is,

5

objectively, 'sufficiently serious.'"). Specifically, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

Subjectively, a prisoner must also demonstrate that (1) "'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk.'" *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915-16 (6th Cir. 2016) (quoting *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)). In other words, the prisoner must show that the defendants knew he faced a substantial risk of harm but failed to take reasonable steps to abate it. *Farmer*, 511 U.S. at 834, 837.

The prison official must exhibit more than a lack of due care for a prisoner's safety to rise to the level of an Eighth Amendment violation. *Id.* at 835. The prisoner must show that the prison official had a "sufficiently culpable state of mind." *Id.* at 834. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Here, Plaintiff alleges that Defendants demonstrated deliberate indifference to his safety when they transferred him to the same prison as Inmate Robinson with the knowledge that Inmate Robinson had previously attacked Plaintiff and the knowledge that there was an institutional separation order in place because of this prior attack. These facts could arguably be construed to satisfy the objective component of a deliberate indifference claim.

Plaintiff fails, however, to allege facts supporting the subjective component of his claim. Although Plaintiff arguably alleged that Defendants knew he faced a substantial risk of harm, he did not allege facts demonstrating that Defendants recklessly disregarded that risk. He does not allege that Defendants at Toledo Correctional failed to take adequate precautions to protect him from the alleged risk. *Farmer*, 511 U.S. at 834, 837. Plaintiff alleges, rather, that the conditions of confinement at Toledo Institution themselves pose a threat. The Eighth Amendment, however, "does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." *Id.* at

6

837.  Plaintiff also alleges that in transferring him, Defendants stated, "I hope y'all stab each other again." This comment suggests that Defendants had knowledge of Plaintiff's history with Inmate Robinson.  But, while entirely inappropriate and unprofessional, the comment does not suggest that Defendants failed to take reasonable measures to prevent a substantial risk of harm to Plaintiff.

In the absence of alleged facts from which I could infer that Defendants were subjectively aware that Plaintiff faced a substantial risk of being assaulted and failed to take steps to protect him from that risk, I find that Plaintiff fails to state a claim for deliberate indifference upon which relief can be granted.

### B.  Civil Conspiracy

Plaintiff alleges Defendants conspired to commit harm with deliberate indifference to his health and safety by transferring him to Toledo Correctional.

Civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).  To bring a conspiracy claim, a plaintiff must first establish that he has suffered a constitutional deprivation. *Bauss v. Plymouth Twp.*, 233 F.App'x 490, 500 (6th Cir. 2007).

To state a claim for civil conspiracy, Plaintiff must demonstrate that (1) there was a plan to conspire against him; (2) the alleged coconspirator(s) shared in the general conspiratorial objective; and (3) and an overt act was committed in furtherance of the conspiracy that caused injury to Plaintiff. *See id.* (internal quotation marks omitted).  Civil conspiracy "must be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010) (citation omitted).

Here, Plaintiff has failed to demonstrate that he was deprived of any constitutional right. As previously discussed, I concluded that Plaintiff failed to state a § 1983 claim for a violation of the Eighth Amendment.  Plaintiff therefore necessarily fails to state a claim for conspiracy to deprive him of that constitutional right. *See Wiley v. Oberlin Police Dep't*, 330 Fed. App'x 524, 530 (6th Cir.

2009) (concluding plaintiff cannot succeed on a civil conspiracy claim without establishing an underlying constitutional violation) (citations omitted). Moreover, even if he did establish an unlawful action, Plaintiff failed to plead specific facts suggesting the alleged conspirators had a plan to conspire against him and that the Defendants shared in the conspiratorial objective.

Accordingly, Plaintiff fails to state a claim for civil conspiracy upon which relief can be granted.

## V. Conclusion

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. § 1915(e)(2)(B). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge